IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:19CR190-1 |
| | ) | |
| | ) | |
| LEO VISTOR PERCELL, JR. | ) | |

**MEMORANDUM ORDER**

Defendant Leo Vistor Percell, Jr.'s pro se Motion for Relief Under Title 18 U.S.C. 3582(c)(1)(A) [Doc. #42] is before the Court on remand in light of United States v. Muhammad, 16 F.4th 126 (4th Cir. 2021). In Muhammad, the court held that the language in 18 U.S.C. § 3582(c)(1)(A) "that a defendant satisfy the threshold requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule"; therefore, "it may be waived or forfeited." 16 F.4th at 130. Accordingly, it was improper for this Court sua sponte to deny Percell's motion for failure to comply with the threshold requirements.

Percell's motion was filed in July 2020, and he has not submitted any update to or additional information in support of the motion since the remand order. Nevertheless, the bases on which he moved for compassionate release remain relevant today. He contends that he is at heightened risk of death due to COVID-19 because of his health conditions and the impossibility of practicing social distancing and "other prophylactic measures" in prison. In further support,

he describes his offense as a non-violent drug crime and notes his plan to live with his wife, run their own daycare, and care for his four-year-old daughter.

Ironically, the issue that brings Percell's motion back before the Court is now satisfied with the passage of time. On July 2, 2020, he requested of his warden compassionate release; thus, he has now clearly satisfied the threshold requirement in 18 U.S.C. § 3582(c)(1)(A). Of course, because the Government has not been asked to respond and has not otherwise done so, it would be of no moment even if he had not satisfied that requirement. See Muhammad, 16 F.4th at 130.

Percell must, however, meet his burden of showing that extraordinary and compelling reasons warrant a sentence reduction, see 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants").

Forty-six-year-old Percell has been diagnosed with Type 2 diabetes for which he takes medication, as confirmed in his 2019 Presentence Report, and he claims to suffer from high blood pressure. The Centers for Disease Control and

2

Prevention ("CDC") recognizes that Type 2 diabetes and high blood pressure can each "make it more likely to get severely ill from COVID-19." CDC, COVID-19 Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 14, 2021). Furthermore, "[t]he risk of severe COVID-19 increases as the number of underlying medical conditions increases in a person." Id. And, although Percell does not identify the "other prophylactic measures" to which he refers, there can be no doubt that prison environments make social distancing difficult, if not impossible in certain circumstances.

He is housed at FCI Beckley, which, as of January 24, 2022, reports ten inmates (out of 1,572) and 1 staff member positive for COVID-19. Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/; Fed. Bureau of Prisons, FCI Beckley, https://www.bop.gov/locations/institutions/bec/ (providing inmate population). Since Percell's motion, vaccines for COVID-19 have become readily available and have been administered throughout the Bureau of Prisons' facilities, including FCI Beckley. There, 1,156 inmates and 252 staff members are fully vaccinated. Fed. Bureau of Prisons, COVID-19 Coronavirus. The inmate vaccination rate likely explains, at least in part, why the facility is better able to contain the spread of the virus today than in the past. The Bureau of Prisons has also issued updated guidance on the provision of third doses (boosters) of the vaccines to inmates. Fed. Bureau of Prisons, COVID-19 Vaccine Guidance, Clinic Guidance, available at

3

https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf (Version 14.1 Oct. 13, 2021). It is not known if Percell is among the fully vaccinated inmates at FCI Beckley. If he is, then he is at least better protected than were he unvaccinated, see, e.g., CDC, COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated Dec. 23, 2021), and the Bureau of Prisons is apparently providing or at least preparing to provide boosters to inmates. If Percell is not among the fully vaccinated inmates at his facility, then he cannot ask the Court for release based on risks from COVID-19 unless his medical staff recommended against his receiving the vaccine.

Percell plans to live with his wife in Sanford, North Carolina, but Lee County reports, as of January 24, 2022, a staggering 4,455 cases in the last 14 days per 100,000 residents. N.C. Dep't Health & Human Servs., COVID-19 North Carolina Dashboard, https://covid19.ncdhhs.gov/dashboard. And, in Lee County, only 53% of the population has had two doses of the Pfizer/Moderna vaccines or one dose of Johnson & Johnson vaccine. N.C. Dep't Health & Human Servs., Vaccinations, https://covid19.ncdhhs.gov/dashboard/vaccinations (updated January 24, 2022). At this time, Percell has not shown that his health in light of COVID-19 in the prison setting constitute extraordinary and compelling reasons for relief.

Outside of the COVID-19 context, Percell's health conditions do not constitute extraordinary and compelling reasons for relief, to the extent that he relies on such an argument. He does not allege that he is not receiving the

4

necessary medical care for his conditions and, instead, acknowledges that he is prescribed medication to treat his diabetes. Nothing before the Court suggests that FCI Beckley is unable to care for an inmate with high blood pressure and diabetes.

Next, although Percell's crime could be considered a "non-violent drug crime" as he describes it, his relevant conduct not only includes the distribution of heroin, marijuana, cocaine base, cocaine, and fentanyl, but also his offers to sell firearms. During the March 8, 2017 controlled buy of heroin, Percell told the confidential informant that he had two firearms for sale, but "the guy with the guns would not be available until 5:00 p.m." (Presentence Report ¶ 5.) On March 10, during another controlled buy of heroin, Percell once again said that "the guy with the guns would not be available until 5:00 p.m." (Id. ¶ 6.) When the confidential informant went to buy more heroin and the firearms from Percell on March 11, "the guy with the guns was at the beach." (Id. ¶ 7.) However, Percell asked the confidential informant if he/she "wanted any 'choppers,' that is, assault rifles." (Id.) When the confidential informant responded in the affirmative, Percell said "that he [had] an AK and a MAK 10 put up in the country" and that "he could get the guns for him/her the next day." (Id.) There is no information in the Presentence Report that Percell ever sold any firearms to the confidential informant. Even if he were posturing about his ability to obtain and sell the firearms, such conduct is far from being merely an exchange of cash for drugs.

5

Furthermore, Percell committed the instant offense while he was on post-release supervision after a conviction for similar conduct – three counts of felony attempt to traffic in cocaine. (Presentence Report ¶ 39.) He was sentenced to 12 to 24 months' imprisonment, suspended, and 36 months' probation. However, he violated conditions of his probation multiple times by testing positive for controlled substances, failing to report to his probation officer, failing to obtain TASC assessment, failing to make his whereabouts known to his probation officer, absconding supervision, associating with a convicted drug seller, failing to comply with CBI program, and owing monetary penalties. As a result, his probation was revoked, and he served 12 to 24 months' imprisonment before being released to post-release supervision.

In sum, Percell was involved in similar offense conduct, afforded opportunities to serve that sentence on probation, violated numerous conditions of that probation, and ultimately served a term of imprisonment before being released on supervision; yet, he was undeterred from distributing heroin, marijuana, cocaine base, cocaine, and fentanyl while under that supervision. He presents no argument or evidence about his post-sentencing conduct in the Bureau of Prisons from which an assessment could be made of his efforts to avoid this type of criminal conduct in the future.

Percell also notes that he plans to live with his wife with whom he owns a day care and desires to care for his four-year-old daughter over whom he has custody. Indeed, in his Presentence Report Percell stated that he has legal custody

6

of his daughter who, at the time of the Presentence Report, resided with Percell's wife (who is not the daughter's biological mother). (Presentence Report ¶ 66.) It is certainly understandable and commendable that Percell wishes to be home to care for his daughter. But there is nothing before the Court to suggest that Percell's wife is not caring for her while he is incarcerated. It is the Court's experience that defendants' children often bear the burden of incarceration. Unfortunately, his daughter's welfare did not deter his repeated criminal conduct underlying the instant offense.

Even considering all of these bases in their totality, Percell has not met his burden of showing that extraordinary and compelling reasons warrant relief at this time. Therefore, it is not necessary to assess the factors in 18 U.S.C. § 3553(a).

For the reasons stated in this Memorandum, IT IS HEREBY ORDERED that Defendant Leo Vistor Percell, Jr.'s pro se Motion for Relief Under Title 18 U.S.C. 3582(c)(1)(A) [Doc. #42] is DENIED.

This the 25th day of January, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge